ENOCH STEADMAN, plaintiff in error, *vs.* AUGUSTUS H. LEE, defendant in error.

We see no abuse of the discretion of the Court in granting the new trial, and the judgment is accordingly affirmed.

New trial. Before Judge GREENE. Newton Superior Court. September Term, 1872.

Lee brought complaint against Steadman on a note for $2,000 00, dated April 9th, 1866, due on or before January 1st next thereafter, with credits thereon as follows: May 25th, 1866, $500 00; January 7th, 1867, $510 29; February 28th, 1867, $100 00; March 19th, 1867, $250 00. The defendant pleaded the general issue and set-off.

The evidence made substantially the following case:

Plaintiff sold to defendant a store-house and lot in Coving-
ton, in part payment for which the note sued on was given.
The note was to be paid in goods out of the store kept by
defendant and one David W. Spence, at cash prices.   Goods
were accordingly purchased from said store by plaintiff, which
were charged on the books of Steadman & Spence to the pri-
vate account of Steadman, and from time to time credits of
the amounts purchased were entered on the aforesaid note.
The account of the plaintiff with defendant, pleaded as set-
off, amounted to $1,294 91, with two credits thereon, the
first of $4 50, and the second as follows : " 1867.   June 1st.
By cotton for Covington Mills Company, $446 40."   In reply
to this account the plaintiff introduced the following receipt :

" Received of A. H. Lee, by settlement with Col. Stead-
man : April 21st, $800 00 by credit on E. Steadman's note ;
May 26th, 1866, $500 00 by credit on E. Steadman's note ;
January 7th, 1867, $510 29 ; by other book credits, $15 15,
in full of book account.   This January 7th, 1867.

(Signed)                         " E. STEADMAN."

The defendant also claimed that he owned " nearly the
entire interest in the Covington Mills Company, and has
owned the greater portion of the stock of said company for
some time," and that the plaintiff was indebted to said com-
pany from $740 00 to $1,400 00, on the following receipt:

" COVINGTON MILLS, GA., February 4th, 1864.
" Received of W. F. Kennedy, agent, $2,600 00 in pay-
ment for thirty-seven hundred and fourteen pounds of cotton,
to be delivered at the factory on or before the 1st day of Sep-
tember next.   He agrees to furnish rope and bagging, the
weight to be deducted in weighing the cotton.   In case he
should be unable to furnish it, then he is to put it up in
boards and withes.   If the cotton should be burned up, then
I agree to refund the money with interest.

(Signed)                         " AUGUSTUS H. LEE."

Steadman *vs.* Lee.

The defendant testified that the cotton specified was not delivered according to contract, but that after the war closed, Kennedy, the superintendent of the Covington Mills, compromised the claim with plaintiff for $1,000 00, which had not yet been paid. That he did not know where the original receipt was ; did not remember having delivered it to the plaintiff. That plaintiff carried cotton in settlement of said receipt, to the depot, and defendant took the receipt of the railroad agent for the same. That he remembers to have gone to plaintiff's house to see some cotton, but does not remember buying any from him. The cotton delivered at the depot by the plaintiff was for the Covington Mills.

As to the credit of $446 40, on the account against plaintiff, Spence testified as follows: The entry of the credit of $446 40 on the ledger was made by witness from a private book, a kind of a blotter kept by defendant himself. It was a credit to plaintiff. Defendant did not keep his book regularly. He sometimes commenced at the close of a month and ended at the first of it. Thinks the entry of $446 40 an improper credit on that account, as it seemed to him to be a transaction between the Covington Mills and the plaintiff. Witness made the entry without consulting defendant.

The defendant testified, substantially, as follows :

The cotton I agreed to pay to the Covington Mills was delivered by me to the defendant at the Georgia Railroad depot, in all six bales. This was in full settlement of said indebtedness. The defendant took the receipt of the railroad agent for the cotton and delivered to me my receipt to the Covington Mills, which I tore up in his presence. Some time afterwards defendant purchased another lot of cotton from me. It was stored under my dwelling house in town. We went together to the house and rolled some of it out. He agreed to give me about twenty cents per found for it. He was to carry it to the factory, weigh it and enter the proper credit upon my account. Thinks I delivered to him nine bales, weighing about four hundred pounds to the bale.

The jury returned a verdict for the defendant for $865 87.

The plaintiff moved for a new trial because the verdict was contrary to the evidence. The motion was sustained, and a new trial ordered. To this ruling the defendant excepted.

A. B. Sims; A. H. Speer, for plaintiff in error.

J. J. Floyd, for defendant.

McCay, Judge.

We see no abuse of the discretion of the Judge in granting the new trial in this case. The verdict seems to us, as doubtless it did to the Judge, very unsatisfactory. Indeed, we are utterly at a loss to see on what it is founded. The jury seem to have been under some strange mistake, and to have entirely failed to get at the truth of the case, as it appears from the evidence. In such cases it is not only the right but the duty of the Judge to grant a new trial.

Judgment affirmed.